Filed 10/3/25  P. v. Pham CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102016 |
| Plaintiff and Respondent, | (Super. Ct. No. 02F11038) |
| v. | |
| LAMSON TRONG PHAM, | |
| Defendant and Appellant. | |

In 2005, a jury found defendant Lamson Trong Pham guilty of one count of second degree murder and two counts of attempted murder.  Defendant filed a petition in 2022 for resentencing under Penal Code[1] section 1172.6.[2]  After holding an evidentiary

---

[1]     Further undesignated section references are to the Penal Code.

[2]     Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  Defendant filed his

1

hearing, the trial court found defendant guilty of second degree murder and both attempted murders beyond a reasonable doubt. On appeal, defendant contends the jury could have originally convicted him under now invalid theories. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant and several codefendants shot across a driveway during a party at individuals who appeared to be in an opposing gang. T.T. and V.D. were shot and injured, and Alan Khamphoumy was shot and killed. (*People v. Pham* (Jan. 22, 2008, C049751) [nonpub. opn.].)

At trial in 2005, a criminalist for Sacramento County, who the parties stipulated was an expert in firearms and firearms identification, testified a bullet found during Khamphoumy's autopsy came from a Kimber firearm. Defendant testified he used the Kimber the day of the shooting and had brought it to the party fully loaded with an extra magazine. Defendant also testified he now knows he was the one who shot the victim and answered "[y]eah" to the question: "[Y]ou killed Alan Khamph[o]umy with this gun, right?" V.D. also identified defendant as a person who may have fired first.

The jury found defendant guilty of one count of second degree murder and two counts of attempted murder, along with several enhancements. The trial court sentenced defendant to 90 years to life, plus nine years four months.

Defendant filed an appeal, and we affirmed the judgment with a sentence modification not at issue in this appeal. (*People v. Pham*, *supra*, C049751).) In 2019, defendant filed his first petition for resentencing under what is now section 1172.6; the trial court denied the petition at the prima facie stage, and we affirmed. (*People v. Pham* (Oct. 19, 2021, C092950) [nonpub. opn.].)

petition under former section 1170.95, but we refer to the current section 1172.6 throughout this opinion.

2

Defendant filed another petition for resentencing under section 1172.6 in April 2022. The trial court issued an order to show cause and held a hearing. At the hearing, neither party introduced new evidence and the trial court noted it had reviewed the transcript from defendant's trial. The court then invited additional briefing and took the matter under submission.

The trial court filed a written order denying defendant's petition on September 30, 2024. The court first found defendant's act of shooting at the victim was an "act whose natural consequence was dangerous to life" and "shooting at [Kamphoumy] [was] a manifestation of [defendant's] conscious disregard for [Kamphoumy's] life." Similarly, for the attempted murder convictions, the trial court found defendant "intended to kill both [T.T.] and [V.D.]" based on the evidence defendant fired several rounds towards them by joining what was "essentially a firing line." The court was also "not persuaded by [defendant's] claim that he acted in self-defense, nor [was] it convinced of any other legal defense offered by [defendant] to eliminate his culpability." Thus, the trial court found "beyond a reasonable doubt that [defendant] is guilty of the murder of [Kamphoumy] and the attempted murders of [T.T.] and [V.D.]," and denied defendant's petition.

Defendant appeals.

DISCUSSION

In 2019, the Legislature amended the murder statutes and eliminated the natural and probable consequences doctrine as it relates to felony murder. (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) It did this by amending section 188, which defines malice, and section 189, the felony-murder statute. (*Lewis*, at p. 959; *People v. Curiel* (2023) 15 Cal.5th 433, 448-449.) The Legislature also created a procedure in what is now section 1172.6 that allows those previously convicted of felony murder, murder, or attempted murder under the natural and probable consequences doctrine to obtain relief from their convictions if they could not be convicted of murder under the amended law.

3

(*Curiel*, at p. 449; accord, *Lewis*, at p. 957.)  Subsequently, the Legislature codified aspects of the *Lewis* decision and clarified the burden of proof and procedure at the evidentiary hearing stage of the proceedings.  (Stats. 2021, ch. 551.)

Here, we are concerned with the evidentiary hearing that occurs after the trial court has determined a defendant set forth a prima facie case for relief.  (§ 1172.6, subds. (a), (c), (d); *People v. Strong* (2022) 13 Cal.5th 698, 708-709.)  At that hearing, the prosecution bears the burden of proving beyond a reasonable doubt the defendant is guilty of murder or attempted murder under the amended law.  (§ 1172.6, subd. (d)(3).)  Both parties may, but are not required to, present "new or additional evidence to meet their respective burdens."  (*Ibid*.; see *People v. Njoku* (2023) 95 Cal.App.5th 27, 43-46.)  Moreover, "the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed."  (§ 1172.6, subd. (d)(3).)  If the court finds beyond a reasonable doubt the defendant is guilty of murder or attempted murder under a theory that remains valid after the amendments to sections 188 and 189, the petition is denied.  (§ 1172.6, subd. (d)(3).)  "While the superior court acts as an independent fact finder in determining whether the [prosecution] ha[s] met [its] burden, on appeal, the reviewing court applies the substantial evidence standard to the superior court's findings."  (*People v. Vargas* (2022) 84 Cal.App.5th 943, 951.)

Defendant states he is "not argu[ing] that the evidence is legally insufficient to support conviction on a perpetrator theory.  [¶]  Instead, [defendant] argues that this jury was unlikely to have accepted [the expert's] testimony as establishing that the bullet found in [Khamphoumy's] clothing was fired from the Kimber .45[-caliber].  On that basis, it is unlikely that the jury convicted [defendant] as the murder perpetrator."  Defendant also contends, "The jury would not have given any weight to [defendant's] admissions because they merely accepted and repeated the opinion of the criminalist, which, to the best of the jury's knowledge, lacked foundation."  As for the attempted

4

murder convictions, defendant argues the jury was given a "kill zone" instruction that permitted the jury to convict defendant of attempted murder based on imputed malice.

These contentions are not relevant to the resolution of defendant's appeal. To be eligible for relief under section 1172.6, defendant "could not *presently be convicted* of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3), italics added.) " '[I]t is the [trial] court's responsibility to act as *independent fact finder* and determine whether the evidence establishes a petitioner would be guilty.' " (*People v. Cody* (2023) 92 Cal.App.5th 87, 110, italics added.) Whether the jury could have theoretically convicted defendant in 2005 under a now invalid theory of murder and attempted murder does not aid us in determining whether the trial court erred in denying resentencing when it found beyond a reasonable doubt defendant is still guilty of murder and attempted murder under current law. (§ 1172.6, subd. (d)(3).) A trial court may be prohibited under the collateral estoppel doctrine from making findings inconsistent with the jury's original findings. (See *People v. Arnold* (2023) 93 Cal.App.5th 376, 387.) But defendant makes no claim the trial court's finding here necessarily conflicted with the jury's findings in 2005.

The only relevant argument defendant makes in attacking the trial court's conclusion is on reply when he asserts that a substantial evidence review is the incorrect standard, asserting, "[A] deferential review is not appropriate in this situation, where the appellate court reviews findings based on documentary evidence." Courts, including this one, have uniformly rejected this argument and affirmed substantial evidence review is appropriate for a trial court's order denying a section 1172.6 petition after an evidentiary hearing. (See *People v. Njoku*, *supra*, 95 Cal.App.5th at p. 43 [rejecting the argument an independent judgment review is appropriate for a § 1172.6 evidentiary hearing]; *People v. Underwood* (2024) 99 Cal.App.5th 303, 313-314 ["appellate courts that have considered this argument have uniformly rejected it, and we agree with their analysis"].)

5

Ultimately, defendant does not present argument on how the trial court's finding lacked substantial evidence.  Defendant therefore has not established the trial court erred in denying his petition after finding beyond a reasonable doubt defendant is guilty of second degree murder and attempted murder under current law.

DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.


/s/
ROBIE, Acting P. J.


We concur:


/s/
RENNER, J.


/s/
WISEMAN, J.*

—————————————

*       Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6